Slip Op. 21-67

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FABUWOOD CABINETRY CORP.,<br><br>           **Plaintiff,**<br><br>    **and**<br><br>CUBITAC CABINETRY CORP., and CNC<br>ASSOCIATES N.Y., INC.,<br><br>           **Consolidated Plaintiffs,**<br><br>    **and**<br><br>IKEA SUPPLY AG,<br><br>           **Plaintiff-Intervenor,**<br><br>    **v.**<br><br>UNITED STATES,<br><br>           **Defendant,**<br><br>    **and**<br><br>COALITION FOR FAIR TRADE IN<br>HARDWOOD PLYWOOD and<br>MASTERBRAND CABINETS INC.,<br><br>           **Defendant-Intervenors.** | **Before: Gary S. Katzmann, Judge**<br>**Consol. Court No. 18-00208** |

## OPINION

[The court affirms Commerce's <u>Remand Results</u>.]

Dated: <u>May 27, 2021</u>

<u>Matthew R. Nicely</u> and <u>Julia K. Eppard</u>, Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington, D.C., for plaintiff, *Fabuwood Cabinetry Corp*.

E. David Smith, Smith & Associates, of Bloomfield, N.J., for consolidated plaintiff, *Cubitac Cabinetry Corp.*

Andrew T. Schutz and Kavita Mohan, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of Washington, D.C. and New York, N.Y., for consolidated plaintiff, *CNC Associates of N.Y., Inc*.

Kristen Smith and Sarah E. Yuskaitis, Sandler, Travis & Rosenberg, P.A., of Washington, D.C., for plaintiff-intervenor, *IKEA Supply AG.*

Sonia M. Orfield, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director and Tara K. Hogan, Assistant Director.  Of counsel was Rachel Bogdan, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

Timothy C. Brightbill, Stephanie M. Bell, Tessa V. Capeloto, and Elizabeth S. Lee, Wiley Rein LLP, of Washington, D.C., for defendant-intervenors, *Coalition for Fair Trade in Hardwood Plywood* and *Masterbrand Cabinets, Inc*.

Katzmann, Judge:  The court returns to a dispute over a scope ruling regarding antidumping ("AD") duty and countervailing duty ("CVD") orders on certain hardwood plywood products from China.  In its original determination, Commerce accepted a scope ruling request by Coalition for Fair Trade in Hardwood Plywood ("Coalition") and Masterbrand Cabinets, Inc. ("Masterbrand"), a domestic cabinets manufacturer, (collectively, "Petitioner-Masterbrand"), to confirm the inclusion of certain products in the scope of Commerce's orders.  Before the court is Commerce's Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce Jan. 11, 2021), ECF No. 82 ("Remand Results"), which the court ordered in Fabuwood Cabinetry Corp. v. United States, 44 CIT __, 469 F. Supp. 3d 1373 (2020) ("Fabuwood I"), so that Commerce could further explain or reconsider its decision to accept Petitioner-Masterbrand's scope ruling request.  On remand, after revisiting its prior determination, Commerce reversed itself and concluded that the scope ruling request in issue was deficient in critical respects and did not provide a sufficient basis for Commerce to issue a scope ruling.  Now, none of the litigants  --  neither Plaintiff Fabuwood Cabinetry Corp. ("Fabuwood"), Consolidated-Plaintiffs CNC Associates N.Y., Inc. ("CNC") and

Cubitac Cabinetry Corporation ("Cubitac"), Plaintiff-Intervenor IKEA Supply AG ("IKEA"), nor Defendant-Intervenors Petitioner-Masterbrand -- challenge the Remand Results.  See CNC's Cmts. on Final Results of Redetermination at 1–2, Feb. 10, 2021, ECF No. 85 ("CNC's Br."); Def.-Inters.' Cmts. on Remand Redetermination at 2, Feb. 10, 2021, ECF No. 86 ("Def.-Inters.' Br.").  Defendant the United States ("Government") requests that the court sustain Commerce's Remand Results.  Def.'s Resp. to Cmts. on Remand Redetermination at 2, Feb. 23, 2021, ECF No. 87 ("Def.'s Br.").  The court affirms Commerce's Remand Results and enters judgment for the Government.

## BACKGROUND

The court set out the relevant legal and factual background of the proceedings in further detail in its previous opinion, Fabuwood I, 469 F. Supp. 3d at 1376–82.  Information relevant to the instant opinion is set forth below.

On January 4, 2018, Commerce issued AD and CVD orders on certain hardwood plywood from China.  Certain Hardwood Plywood Products From the People's Republic of China, 83 Fed. Reg. 504 (Dep't Commerce Jan. 4, 2018) ("AD Order"); Certain Hardwood Plywood Products From the People's Republic of China, 83 Fed. Reg. 513 (Dep't Commerce Jan. 4, 2018) ("CVD Order") (collectively, "Orders").  The Orders excluded certain ready to assemble ("RTA") kitchen cabinets "packaged for sale for ultimate purchase by an end-user that, at the time of importation" include all components and instructions required for assembly.  AD Order at 513; CVD Order at 516.

Interested parties to AD and CVD investigations may request a scope ruling to clarify the scope of an order by Commerce as it relates to a particular product by submitting an application including a specific description of the product and the basis for the scope ruling request "to the

extent reasonably available to the interested party." 19 C.F.R. § 351.225(c).  On April 6, 2018, Petitioner-Masterbrand filed an application for a scope ruling with Commerce related to certain RTA kitchen cabinet products.  See Letter from Petitioner-Masterbrand to Sec'y of Commerce Re: Certain Hardwood Plywood Products from the People's Republic of China: Request for Scope Ruling, P.R. 1.   Petitioner-Masterbrand further amended this request on July 13, 2018, at Commerce's request after Commerce received comments from other interested parties.  See Mem. from A. Brings to The File, re: Certain Hardwood Plywood Products from the People's Republic of China: Petitioner-Masterbrand 2018 Scope Ruling Request (July 17, 2018), P.R. 45; Letter from Wiley Rein LLP to Sec'y of Commerce, Re: Certain Hardwood Plywood from the People's Republic of China: Amendment to Request for Scope Ruling (July 13, 2018), P.R. 43 ("Amended Scope Ruling Request").  Commerce accepted the Amended Scope Ruling Request and issued a final scope ruling on September 7, 2018, finding that the products as described by Petitioner-Masterbrand in the Amended Scope Ruling Request were within the scope of the Orders.  Mem. from J. Doyle to J. Maeder, re: Final Scope Ruling For Certain Hardwood Plywood Products From the People's Republic of China: Request by the Coalition for Fair Trade in Hardwood Plywood and Masterbrand Cabinets, Inc. (Sept. 7, 2018), P.R. 71 ("Final Scope Ruling").

On October 10, 2018, Fabuwood initiated the instant litigation challenging Commerce's Final Scope Ruling.  Summons, ECF No.1; Compl., Nov. 9, 2018, ECF No. 10.  On August 19, 2020, the court concluded that "Commerce failed to address the threshold question of whether [Petitioner-Masterbrand's Amended Scope Ruling Request] was specific enough to provide an adequate basis for a scope ruling." Fabuwood I, 469 F. Supp. 3d at 1383.  Thus, the court remanded the Final Scope Ruling to "Commerce for further explanation on whether the Amended Scope Ruling Request met the regulatory requirements." Id. at 1385.  Commerce filed its Remand Results

on January 11, 2021, concluding that, upon reexamination, Petitioner-Masterbrand's Amended

Scope Request Ruling did not meet regulatory requirements. Remand Results at 31. Consolidated-

Plaintiff CNC Associates and Petitioner-Masterbrand filed comments on the Remand Results on

February 10, 2021. CNC's Br.; Def.-Inter.'s Br. Neither Fabuwood, Cubitac, nor IKEA

commented on the Remand Results before the court. The Government replied in support of

Commerce's redetermination on February 23, 2021. Def.'s Br.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). The standard

of review in this action is set forth in 19 U.S.C. § 1516a(b)(1)(B)(i): "[t]he court shall hold

unlawful any determination, finding or conclusion found . . . to be unsupported by substantial

evidence on the record, or otherwise not in accordance with law." The court also reviews the

determinations pursuant to remand "for compliance with the court's remand order." See Beijing

Tianhai Indus. Co. v. United States, 39 CIT __, __, 106 F. Supp. 3d 1342, 1346 (2015) (citations

omitted).

## DISCUSSION

In its previous opinion, the court remanded "the scope ruling to Commerce for further

explanation on whether the Amended Scope Ruling Request met the regulatory requirements" for

providing a basis for Commerce to conduct a scope inquiry. Fabuwood I, 469 F. Supp. 3d at 1385.

This order followed the court's conclusion that Commerce did not provide a reasonably discernible

rationale for accepting the Amended Scope Ruling Request or address the comments in opposition

to that request in its Final Scope Ruling. Id. at 1383–84. On remand, Commerce "revisited the

record and reevaluated the Amended Scope Ruling Request" and determined "that the Amended

Scope Ruling Request does not meet the requirements of 19 C.F.R. § 351.225(c)(1) because it

suffers from several deficiencies that must be remedied before Commerce is able to evaluate the products for which the requestor seeks a scope ruling." Remand Results at 2. First, as in the original scope inquiry, Commerce again determined that the Amended Scope Ruling provided a sufficiently specific definition of the merchandise subject to the scope request based on the information reasonably available to Petitioner-Masterbrand, including specific HTSUS subheadings. Id. at 8–9, 17. Commerce distinguished other instances in which it had rejected a scope request as deficient for lack of detailed product descriptions on the basis that the cases cited by commenters "appear[ed] to involve scope ruling requests from parties that would likely have been in possession of the types of information available to an importer or producer of the products subject to the request" unlike Petitioner-Masterbrand, a non-importer. Id. at 10. Second, Commerce re-examined the sufficiency of the supporting evidence underlying the Amended Scope Ruling Request. Reversing its original position, Commerce determined that "the request is insufficiently supported because: (1) [Petitioner-Masterbrand] stated that [they] had additional, relevant information reasonably available to them . . . which they did not supply; or (2) they failed to supply information showing that the products in support of their allegation were in production." Id. at 11. Furthermore, Commerce explained that "when available, first-hand statements are preferable to second-hand information and, in this case, [were] not only reasonably available but [were] also readily available." Id. at 13; see also id. at 24–25 (explaining that the source for information provided in the second-hand statements were not discernible to Commerce and could have been provided). Additionally, Commerce noted that Petitioner-Masterbrand did not include the public records they cited in support of their scope request, which Commerce concluded were "reasonably available" and "necessary to the evaluation of the sufficiency of the scope inquiry." Id. at 13; see also id. at 26–27. Finally, Commerce concluded that Petitioner-Masterbrand did not

adequately support or explain their reason for the scope request as to edge-banded plywood.  <u>Id.</u> at 13–14, 28.  For these reasons, Commerce concluded that the Amended Scope Ruling Request was deficient and unable to be a basis for Commerce's scope inquiry.  <u>Id.</u> at 14.  Commerce also noted that it would allow a further amended or revised scope ruling request apart from the instant case or to submit a new scope request to be submitted.  <u>Id.</u> at 14, 31.

  No party disputes Commerce's <u>Remand Results</u>.  In its comments, CNC noted its disagreement with Commerce's determination that the product descriptions were sufficient in the scope request, but that "it agrees with and supports Commerce's conclusion that Petitioner-Masterbrand's request for a scope ruling was deficient in other critical respects and therefore did not provide a sufficient basis for Commerce to issue a Final Scope Ruling."  CNC's Br. at 1–2.  Petitioner-Masterbrand stated that they "disagree with Commerce's conclusion and reasoning in its final determination and believe that the scope request complied with Commerce's regulations."  Def.-Inters.' Br. at 1.  However, Petitioner-Masterbrand note their position that "the most effective and efficient way for [them] to address the scope questions raised in the scope request is to refile any needed scope request with the agency."  <u>Id.</u>  Furthermore, Petitioner-Masterbrand note that since the filing of the initial scope request, AD and CVD orders have been imposed directly on RTA kitchen cabinets and hardwood plywood that has undergone minor processing -- the subject of Petitioner-Masterbrand's initial scope request.  <u>Id.</u> at 1–2 (citing <u>Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China</u>, 85 Fed. Reg. 22,126 (Dep't Commerce Apr. 21, 2020) (AD duty order); <u>Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China</u>, 85 Fed. Reg. 22,134 (Dep't Commerce Apr. 21, 2020) (CVD order)).  No other parties submitted comments on the <u>Remand Results</u>.  In response to the comments filed, the Government contends that Commerce's <u>Remand Results</u> can be

sustained "because Commerce complied with the [c]ourt's remand order and its determination is supported by substantial evidence and otherwise in accordance with law."  Def.'s Br. at 2.

       The court concludes that Commerce complied with its remand order as set forth in Fabuwood I, 469 F. Supp. 3d at 1389.  Commerce addressed and adequately explained the parties' arguments regarding the sufficiency of the Amended Scope Ruling Request.  No party contests Commerce's Remand Results, despite some disagreement with certain aspects of that determination.[1]  See CNC's Br. at 1; Def.-Inters.' Br. at 1–2.  Therefore, the court need not address the outstanding disagreements and concludes the Remand Results should be sustained as supported by substantial evidence and in accordance with law.

## CONCLUSION

       For the reasons stated, there being no challenges to the Remand Results, and those results being otherwise lawful and supported by substantial evidence, the court sustains Commerce's Remand Results.  Judgment will enter accordingly in favor of Defendant.

       **SO ORDERED.**

                                       /s/      *Gary S. Katzmann*
                                                Judge

 Dated: May 27, 2021
     New York, New York

---

[1] The court agrees with the Government that Petitioner-Masterbrand's statement in its comments that it "does not intend to further challenge Commerce's remand determination" constitutes waiver of any claim to relief.  See Def.'s Br. at 9; United States v. Am. Home Assurance Co., 40 CIT __, __, 151 F. Supp. 3d 1328, 1361 (2016) ("[W]aiver is ordinarily evidenced by an intentional relinquishment or abandonment of a known right or privilege" (citations and internal quotation omitted)).  Similarly, the court need not address CNC's disagreement with Commerce's product specificity finding because CNC has not meaningfully challenged or briefed the issue and, in any event, concedes agreement with Commerce's conclusion about the deficiency of the Amended Scope Ruling Request.  See Cement Kiln Recycling Coal. v. EPA, 255 F.3d 855, 869 (D.C. Cir. 2001) ("A litigant does not properly raise an issue by addressing it in a cursory fashion with only bare-bones arguments." (citations and internal quotations omitted)); CNC's Br. at 1–2.